SPRINGFIELD (CITY), PLAINTIFF, *v.* SAUNDERS ET, DEFENDANTS.

Common Pleas Court, Clark County.

No. 54374. Decided March 21, 1961.

Mr. *Charles E. Carter.*
Messrs. *Smith & Toy.*

GOLDMAN, J. This is an action for declaratory judgment, submitted to the Court for decision upon the pleadings, interrogatories and answers thereto, affidavits, exhibits and briefs filed by the respective parties.

Involved is a determination of the applicability of the Income Tax Ordinance of the City of Springfield, Ohio, to the income of the defendants in this action. The ordinance, the applicable provisions of which are set out in the petition, imposes a tax on the income of residents of the City of Springfield

and on non-residents for work done or services performed or rendered in the City of Springfield.

The defendants are residents of the City of Springfield, Ohio, members of the Air National Guard and employed full time as air technicians by the Air National Guard at Springfield Municipal Airport, for which services they receive wages in addition to any compensation provided for strictly military duties such as "drill pay" etc.

Defendants contend that they are exempt from the provisions of the tax by reason of Section 718.01, Revised Code, which provides in part as follows:

"No municipal corporation shall tax the military pay or allowances of members of the Armed Forces of the United States . . . . . etc."

Defendants contend that this exemption applies to all of the income they receive resulting from both their membership in and employment by the Air National Guard.

The issue, therefore, is whether or not the plaintiff, City of Springfield, is taxing the "military pay or allowances of members of the Armed Forces of the United States," in seeking to apply the provisions of the ordinance to any portion of defendants' income.

Plaintiff admittedly does not seek to tax that portion of defendants' income which is received for strictly military duty such as drill instruction, target practice, training, either at encampment or on maneuvers, etc., and concedes that the pay received for these services is in fact and in law "military pay" and therefore not subject to the municipal income tax by reason of Section 718.01, Revised Code. Plaintiff contends, however, that that portion of defendants' income derived from their employment as *air technicians* is for services other than strictly "military," and is subject to the tax, and is not "military pay" within the meaning of the state statute.

In answer defendants argue that as members of the Air National Guard they are members of the Armed Forces of the United States and that there is no reason or cause to distinguish between drill duty or military duty, and any other duty involved in their employment by the Air National Guard, and that all of the income received as a result of their employment or association with the Guard is exempt from tax.

There is little precedent dealing with the exact issue here involved, and the only Ohio authority cited which bears on this specific question is an opinion rendered by the Attorney General of the State of Ohio, on October 20, 1959, on a fact pattern somewhat obscure and lacking in the significant essentials present in the instant case, in which the Attorney General held that a member of the Air National Guard is a member of the Armed Forces of the United States and *his military pay in such capacity is not subject to municipal income tax.* (Emphasis by the court.)

For the purpose of this decision it may also be conceded that the defendants in the instant case are members of the Armed Forces of the United States by reason of their membership in the Air National Guard, but the opinion of the Attorney General is otherwise not helpful for it fails to indicate or define what the Attorney General considers to be "military pay" which is the primary issue here to be determined.

There appears to be lack of agreement as to the exact issue before this Court. Thus attention is directed to the second paragraph of defendant's brief which is as follows:

"The issue involved in this dispute is *whether or not the income* of members of the Air National Guard is subject to the Springfield City Income Tax."

The Court believes this to be an incorrect statement of the issue, for Section 718.01, Revised Code, *does not exempt* the "income" of members of the Air National Guard or the Armed Forces of the United States, but exempts only *"the military pay or allowances of members of the Armed Forces,"* which is altogether different.

That income received from civilian employment or service at a federal area may be taxed by a local taxing authority is clearly established by Federal Law. Title 4, U. S. C. A., Sec. 106, enacted in 1947 is as follows:

"(a) No person shall be relieved from liability for any income tax levied by any State, of by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State or taxing authority shall have full

jurisdiction and power to levy and collect such tax in any Federal Area within such State to the same extent and with the same effect as though such area was not a Federal Area. . . ."

Thus the sole question or issue before this Court is whether or not the income sought to be taxed in the instant case is "military pay," or income for civilian services performed in the employment of the Air National Guard and thus within the provisions of the above law as well as the Springfield Income Tax Ordinance. (It is undisputed that none of the income received by the defendants are "allowances.")

Is all of the income derived by defendants as a result of their employment "military pay" *merely because the defendants are admittedly members of the Air National Guard?*

Let us consider some of the significant facts and circumstances attending this employment. An examination of the record discloses that:

(1) The defendants are employed as air technicians.

(2) The income sought to be taxed is subject to the State Retirement System.

(3) The defendants may resign their positions and terminate their employment for which they receive the income in question at their pleasure and they may accept employment elsewhere in another public or private position, without losing their status as members of the Air National Guard or otherwise affecting their enlistment.

(4) The income sought to be taxed is computed on an hourly-based wage scale determined by the average scale paid government workers in this area.

It also appears that as a condition of their employment as air technicians it was necessary that the defendants first be members of the Air National Guard. However the Court is of the opinion that this qualification and requirement of employment does not of itself stamp all their earnings "military pay," anymore than a like condition required by a private employer would necessarily make such private employment "military" and the income derived therefrom "military pay." The mere fact that an employee must be a member of the Air National Guard in order to obtain his position is not conclusive as to either the nature of the employment or the pay derived

therefrom. This point was recognized by the Supreme Court of the U. S. in the case of *Commissioner of Internal Revenue* v. *Connelly*, 338 U. S., 258, the headnote of which reads as follows:

"Income Taxes, Section 15—deductions—compensation of civil-service Coast Guard employee enrolled in Reserve.

"*Enrollment* of a Civil Service employee of the Coast Guard *as a member of the Coast Guard Reserve* without pay other than the compensation of his civilian position does not entitle him to the exclusion of $1,500.00 from gross income provided by Section 22 (b) (13) (A) of the Internal Revenue Code in the case of compensation received for active service as a commissioned officer in the military or naval forces of the United States, *since his compensation is received in his civilian status.*"

In that case the Supreme Court recognized that though there may be ample reasons why the Armed Forces might employ persons in the military services for certain specific duties connected with military installations, that would not of itself stamp the income so earned as "military pay." A full and complete consideration of all the various circumstances and factors attending the services and employment was still required before such a conclusion could be reached. In that case Connelly, an officer in the Coast Guard was hired by the Coast Guard for a position with that Service. The Supreme Court in its decision said:

"It is apparent that taxpayer had a dual status. He had a limited military status with the rank of lieutenant commander and later that of commander. He had also the status of a civil service employee, carefully so limited and with all the privileges incident to such status. He was given just enough military status to enable him effectively to carry out his duties."

In the instant case this Court is similarly persuaded that the defendants had dual status and that the circumstance which permits defendants to terminate their employment as air technicians at their pleasure without affecting their status or enlistment in the Air National Guard, when considered together with all the other circumstances surrounding their employment, including those previously set forth, clearly establishes such employment as "civilian" rather than exclusively "military"

and the income derived from such employment as something other than "military pay," and thus subject to the provisions of the income tax ordinance here involved.

Any remaining doubt with respect to this matter may be resolved by examining the Air National Guard Regulations, one copy of which is hereto attached. These regulations are titled "Civilian Personnel" and air technicians are by definition therein treated as a part of the "Air National Guard *Civilian Personnel.*" The regulations disclose which civilian employees *need not be members* of the Air National Guard, and which civilian positions *are* exclusively *limited* to members of the Air National Guard. Thus these regulations which govern the employment of Air National Guard personnel themselves give recognition to the facts that their employees enjoy dual military and civilian status and that employees such as defendants are part of "civilian personnel."

Finally, the Court finds pertinent to a consideration of the issue before it the following syllabus in the case of *Kiker* v. *City of Philadelphia*, 346 Pa., 624, which concerns the application and interpretation of Title 4 U. S. C. A., Sec. 106, which authorizes taxing of federal employees, previously cited:

"The federal statute authorizing state taxation of income received in federal areas was passed for purpose of correcting anomalous situations which permitted some persons of the same class to escape taxation......"

This Court, without hesitation or reluctance, would declare invalid any attempt to tax income which could reasonably and properly be designated as "military pay" to avoid unwarranted hardship or penalty on those of our fellow citizens who serve in the Armed Forces of our country, but where, as here, the income earned is clearly derived from services of a civilian nature and performed by persons clearly working as civilians, even though at the same time they be in uniform and members of the Air National Guard, the same considerations are not involved. To appropriate the language of the court in the *Kiker case*, it would indeed be an anomalous situation to allow some persons to escape a tax imposed on others in the same class, doing identical work, for the same compensation, and for the same employer, merely because the latter do not happen to be

members of the Air National Guard although they perform the same service for the same pay. Under such circumstances to exempt the income of the former and not the latter would not be an act of patriotic duty but would be as a matter of fact, discriminatory and unfair and unjust to the thousands of citizens in the community who are obliged to pay a tax on their civilian-earned incomes. This Court can conceive of no proper purpose to be served or any justification recognized by law or reason to warrant such proposed course of action.

This Court therefore concludes that where a person is employed by the Armed Forces under terms and conditions which permit him to terminate such employment at his pleasure and for which employment he receives an hourly-wage computed on a scale determined by the average scale paid government workers in an area and where termination of such employment can be affected without losing status as a member of the Armed Forces or otherwise affecting his enlistment in any branch thereof, his employment is "civilian" in nature and the compensation derived therefrom is not "military pay" requiring it to be exempt from municipal income tax, notwithstanding the fact that said employee is a member of the Armed Forces and such membership is a condition or requirement of his employment.

For the reasons thus stated this Court rules and declares that that portion of the income or pay received by the defendants in this case for their strictly military duty, if any, such as drill pay, etc., is not subject to the Income Tax Ordinance of the City of Springfield, Ohio, said compensation being "military pay" and thus exempt from taxation, but that all other income received by them in their employment as air technicians *is not military pay* as understood and intended in Section 718.01, Revised Code, and is accordingly subject to the ordinance and subject to the tax therein levied.

Defendants are ordered to make such statements and payments of tax as may be due and payable and required by the terms and provisions of the ordinance.

Costs are assessed against the defendants.

Counsel may prepare and submit an Entry in accordance with this decision and the rules of this Court.